SIMON & PARTNERS LLP
THE FRENCH BUILDING
551 FIFTH AVENUE
NEW YORK, NEW YORK 10176
simonlawyers.com

TEL: (212) 332-8900

BRADLEY D. SIMON
KENNETH C. MURPHY
MICHAEL J. LEVIN

J. EVAN SHAPIRO
TERRENCE JOHNSON
ROBERT GENDELMAN

COUNSEL
PAMELA B. STUART
NEAL M. SHER
GENEVIEVE SROUSSI
STEPHENIE L. BROWN
HARRIET TAMEN

FAX: (212) 332-8909

NEW YORK
WASHINGTON D.C.

April 20, 2018

**Via ECF**
The Honorable Joanna Seybert
United States District Judge
944 Federal Plazas
Central Islip, NY  11722

**Re: United States v. Jack Vitayanon**
**Criminal Docket No: 17 Cr 080 (JS)**

Dear Judge Seybert:

This firm represents defendant Jack Vitayanon in the above referenced matter.  We submit this letter enumerating objections and corrections to the Presentence Investigation Report (hereinafter "PSR").

**Paragraph 3**

Mr. Vitayanon was remanded on May 12 2017, not May 30 2017. He was re-released on bond on July 7, 2017 with more restrictive bond conditions which included electronic monitoring.

Mr. Vitayanon did not "fail to report to substance abuse treatment as directed". Mr. Vitayanon was remanded after failing a number of urine drug screens.  When he was re-released he reported to an inpatient drug treatment facility, Integrity House in Secaucus New Jersey. He has since voluntarily enrolled in an out patient drug treatment program.  Mr. Vityanon has always followed his drug treatment program regimen, both inpatient and outpatient.

**Paragraph 6**

The statement that Mr. Vitayanon had been in involved in the distribution of methamphetamine for at least five years prior to his arrest is inaccurate. Mr. Vityanon did not begin to distribute methamphetamine until May 2014. Additionally, Mr. Vitayanon never distributed methamphetamine to anyone in Kentucky.

We asked that the PSR statement in paragraph 6 that "the defendants utilized subordinates to conduct transactions on their behalf in exchange for something of value" be stricken in its entirety with respect to Mr.Vitayanon. It is puzzling that the Probation Department would persist in advocating this position when the PSR acknowledges that the case agent specifically informed the author of the PSR that "there is insufficient evidence that any of the defendants employed other individuals on a regular basis to warrant a leadership enhancement." Certainly, the case agent who spent years investigating this matter is in a better position to know than the Probation Department. Furthermore, the U.S. Attorney's Office is not seeking such an enhancement since the facts do not support it. The Plea Agreement specifically acknowledges that Mr. Vitayanon is safety valve eligible

**Paragraph 7**

While the conspiracy may have encompassed 45 kilograms of methamphetamine, Mr. Vitayanon received no more than approximately ten kilograms from 20014 until his arrest in early 2017.

Mr. Vityanon objects to the 2 point enhancement pursuant to USSG Section 2D1.1(b)(5). Mr. Vitayanon had no firsthand knowledge that the methamphetamine which he received from Robert Watson was imported from Mexico. The Plea Agreement contains no such enhancement.

**Paragraphs 8**

An enhancement per USSSG 3B1.1 is not warranted for the reasons set forth in the objection to Paragraph 6.

Mr. Vitayanon objects to the assertion that he engaged in "the laundering of the proceeds of his drug distribution enterprise." Mr. Vitayanon had a serious addiction problem. To the extent that he was engaged in the distribution of methamphetamine it was to ensure that he had access to the drug for personal use. The use of the word **"enterprise"** to categorize Mr. Vitayanon's drug distribution activities is far fetched. Any income Mr. Vitayanon received from drug distribution was negligible and he was not in the business of "laundering proceeds."

**Paragraph 15**

Mr. Vitayanon objects to this entire Paragraph for the reasons set forth in the objections to Paragraph 7. The Plea Agreement contains no such enhancement.

2

**Paragraph 16**

The entire paragraph should be stricken for the reasons set forth above. Mr. Vitayanon is safety valve eligible and the U.S. Attorney's Office, along with federal agents, investigated the case, concur.

**Paragraph 18**

Mr. Vitayanon objects to this entire Paragraph for the reasons set forth in his Objections to Paragraph 7.

**Paragraph 28**

Mr. Vitayanon objects to Paragraph 28. As set forth above, Mr. Vitayanon had a serious addiction process. His income from methamphetamine distribution was negligible. To claim that he engaged in money laundering and tax evasion is unwarranted.

**Paragraph 34**

Mr. Vitayanon is a graduate of Dartmouth College. There is no Dartmouth University.

**Paragraph 42**

The Court ordered inpatient treatment for Mr. Vitayanon. Mr. Vitayanon has followed up on his own with outpatient treatment after his re-release on bail.

**Paragraph 56**

The amount of methamphetamine that Mr. Vitayanon received was approximately 10 kilograms over a 32 month period. Most of the 10 kilograms was for personal use to support his habit. A small percentage of this amount was distributed.

**Paragraph 61**

Mr. Vitayanon's Guideline level is 36 as set forth in Paragraph 2 of the Plea Agreement.

**Paragraph 63**

21 U.S.C. Section 841(b)(1)(A)(vii) is inapplicable since Mr. Vitayanon has already served time in this matter.

**Paragraph 64**

USSG Section 5B1.1(b)(2) is inapplicable since Mr. Vitayanon has already served time in this

matter.

## Paragraph 74

Mr. Vitayanon was a methamphetamine user who had a serious addiction problem. He was not in the business of drug trafficking. Any funds that he generated were used to satisfy his addiction. He did not engage in money laundering or tax evasion. Any profits that he made were negligible.

Respectfully Submitted,
Simon & Partners LLP

By: _____
Attorneys for Defendant Jack Vitayanon