

U.S. Department of Justice

United States Attorney
Eastern District of New York

CNR
F. #2016R02221

610 Federal Plaza
Central Islip, New York 11722

July 27, 2018

By ECF and Courtesy Copy by Interoffice Mail

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: United States v. Jack Vitayanon
     Criminal Docket No. 17-80 (JS)

Dear Judge Seybert:

  The government submits this letter in connection with the sentencing of the defendant Jack Vitayanon, which is scheduled for Monday, August 6, 2018 at 11:30 a.m. The government respectfully submits that a below-Guideline range sentence of 60 months' imprisonment is appropriate.

Background

  On February 2, 2017, the defendant – then a federal attorney at the Internal Revenue Service, Office of Professional Responsibility – was arrested at his residence in Washington, DC on a federal arrest warrant out of the EDNY in connection with the defendant's participation in a multi-year conspiracy to distribute large quantities of methamphetamine throughout the United States, including on Long Island. On February 14, 2017, the defendant and his Arizona-based coconspirator/source of methamphetamine supply were charged in a five-count indictment filed in this district. The indictment charged the defendant with participation in a multi-year conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (Count One), and two counts of distribution of methamphetamine (Counts Three and Five) for sales of distribution quantities of methamphetamine in December 2016 and January 2017, in violation of 21 U.S.C. § 841(a).

  In or about March 2017, while the defendant was out on bond, the defendant proffered with the government, admitted his involvement in the charged conspiracy involving kilograms of methamphetamine and to the substantive sales of distribution

quantities of methamphetamine and thereby qualified for safety-valve relief.  The defendant also acknowledged that he had conservatively earned approximately $125,000 from methamphetamine distribution over the length of the conspiracy.[1]  Unbeknownst to the government, prior to the proffer session, the defendant had been using methamphetamine while out on bond and failed multiple drug tests administered by Pretrial Services.  Due to these repeated violations, in May 2017, the defendant was remanded to federal custody pending trial.  On or about July 7, 2017, the Court allowed the defendant to be released to an in-patient drug treatment facility.  Subsequent to the satisfaction of the in-patient treatment program, the defendant proffered a second time with the government in the hopes of earning a cooperation agreement, which did not ultimately lead to such an agreement.  On December 15, 2017, the defendant pleaded guilty to Count One of the indictment, which carries a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life in prison.  Due to the defendant's satisfaction of the safety-valve criteria, the mandatory minimum does not apply.

In the Presentence Investigation Report ("PSR"), as amended, the Probation Department calculated a Sentencing Guidelines total offense level of 35 in Criminal History Category I, which carry a range of imprisonment of 168 to 210 months.[2]  This Guideline range varies from the estimate provided by the government and contained in the executed plea agreement between the parties only to the extent that the Probation Department included a two-level enhancement for the defendant's alleged awareness that the methamphetamine was imported from Mexico.  As stated in the Addendum to the PSR, the government is not seeking to prove the defendant's awareness of the origin of the methamphetamine, and respectfully submits that the total offense level should be 33, which, with Criminal History Category I, provide a Guidelines range of 135 to 168 months.

A Sentence of Imprisonment Below the Guidelines Range is Warranted

Based on the duration and magnitude of the defendant's methamphetamine trafficking as detailed in the PSR, the government respectfully submits that, under the sentencing factors to be considered under 18 U.S.C. § 3553(a), an additional term of imprisonment beyond the approximately two months the defendant already served is warranted.  The egregiousness of the defendant's criminal conduct is even more extreme given that the defendant was not only a lawyer, but also a federal employee.  However, in light of (1) the defendant's heavy methamphetamine abuse problem, which served as the impetus for and fueled the defendant's participation in the conspiracy, (2) the defendant's laudable efforts at rehabilitation, which included accepting responsibility for his conduct, and (3) the defendant's safety valve eligibility and effort to cooperate, the government

---

[1] In paragraph 6 of the defendant's plea agreement, the defendant consented to the entry of a Forfeiture Money Judgment in the amount of $125,000, reflecting the amount of proceeds from the defendant's drug trafficking.

[2] This range includes the two-level reduction for safety valve consideration.

respectfully submits that a sentence below the advisory Guideline range, as applied in this specific case, is warranted.  The government respectfully submits that a 60 month term of imprisonment, in conjunction with the imposition of the $125,000 forfeiture money judgment, is sufficient to satisfy the 3553(a) factors, to wit: to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Conclusion

For the reasons stated above, the government respectfully submits that a below-Guidelines range term of imprisonment of 60 months is warranted.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/ Charles N. Rose
Charles N. Rose
Assistant U.S. Attorney
(631) 715-7844

Cc: Bradley Simon, Esq. (by ECF)
Steven Guttman, Probation (by email)

3