TEL: (212) 332-8900

BRADLEY D. SIMON
KENNETH C. MURPHY
MICHAEL J. LEVIN

J. EVAN SHAPIRO
TERRENCE JOHNSON
ROBERT GENDELMAN

COUNSEL
PAMELA B. STUART
NEAL M. SHER
GENEVIEVE SROUSSI
STEPHENIE L. BROWN
HARRIET TAMEN

SIMON & PARTNERS LLP
THE FRENCH BUILDING
551 FIFTH AVENUE
NEW YORK, NEW YORK 10176
simonlawyers.com

FAX: (212) 332-8909

NEW YORK
WASHINGTON D.C.

**VIA ECF**
The Honorable Joanna Seybert
United States District Court
944 Federal Plaza
Central Islip, New York 11722

July 31, 2018

United States v. Jack Vitayanon
Criminal Docket No: 17cr080 (JS)

Dear Judge Seybert:

  We write in response to the government's letter of July 27, 2018. The government advocates for a sentence of 60 months in this case. We respectfully submit that such a sentence is disproportionate to the facts before the Court.[1]

  As set forth in defendant's Sentencing Memorandum, and acknowledged in the PSR, Mr. Vitayanon is a first time offender. He became involved in the charged offenses for one reason and one reason only; he had a serious addiction to methamphetamine. It was this addiction which caused Mr. Vitayanon to destroy his career and a lifetime of stellar accomplishments. He was not a drug trafficker selling drugs as a business and putting drugs out on the street. To the extent that he dealt with methamphetamine it was only to support his habit. The government contends that the fact that he was a government employee and a lawyer somehow enhances the seriousness of the offense. Unfortunately, the disease of addiction inflicts people from all walks of life; individuals holding professional degrees are not exempt.

  In advocating for a 60 month sentence the Government contends that this marks significant departure from Mr. Vitayanon's Guideline level of 168-210 months. We respectfully

---

[1] Apparently the U.S. Attorney's Office for the EDNY has now discarded its longstanding practice of declining to recommend a specific sentence. Its longstanding policy was grounded in the recognition that imposition of sentencing is the exclusive province of the Court.

S‌IMON & P‌ARTNERS LLP

submit that this is of no relevance since Mr. Vitayanon's Guideline level cannot possibly serve as an accurate guidepost in evaluating Mr. Vitayanon's conduct.

As this Court is undoubtedly aware many judges throughout the country, including in this district have spoken out against the harsh one size fits all sentencing guidelines levels in effect with respect to first time drug offenders and the Probation Department and prosecutors' persistent advocacy of excessive sentences relying on Guidelines calculations.

Former Eastern District Judge John Gleeson issued a lengthy opinion in *United States of America v. Leitch, et. al.* 11Cr-00609 (E.D.N.Y. 2013), which squarely addressed the issue presented here, namely the unduly punitive and inappropriately lengthy sentences being imposed for first time drug offenders. (Attached to this letter as Exhibit 1). In sentencing three drug couriers to probation, Judge Gleeson noted that the "human cost" of mass incarceration for low level drug offenders. "Lives are ruined, families are destroyed and communities are weakened."

In referring to POP, the Pre-sentence Drug court established in this District in 2012, Judge Gleeson described Jack Vitayanon's situation when he said that "many substance abusers are arrested for behavior related to their drug or alcohol addictions, and but for those addictions, they may have lived law-abiding lives." Judge Gleeson faulted the Sentencing Commission for the over incarceration of first time drug offenders such as Jack Vitayanon. Judge Gleeson wrote that "The Sentencing Commission was supposed to ensure 'the general appropriateness" of probationary sentences for first-time offenders unless they commit" crime[s} of violence or…otherwise serious offense[s]. Instead the Sentencing Guidelines resulted in federal drug trafficking sentences increasing over two and a half times. Judge Gleeson wrote that the explosion of the federal prison population "can be attributed, in substantial part, to the increased severity of federal drug trafficking sentences."

Judge Gleeson is not alone in speaking out about the mindless imposition of harsh drug sentences for first time offenders and others like Jack Vitayanon who were not hard core traffickers. But for his descent into drug addiction Mr. Vitayanon would have continued his impressive professional career and law abiding life. Judge Raymond Dearie in a speech to the New York Criminal Bar Association in 2016, attended by the undersigned, said it was time to "jettison the madness of mass incarceration." and to find an alternative to overly punitive sentencing. He said that many defendants who appear before him act out "weakness, need, sometimes desperation." (Feuer Alan, "*Federal Judge Urges U.S. to 'Jettison the Madness of Mass Incarceration'*", New York Times, New York (June 23, 2016) and attached to this letter as Exhibit 2).

We respectfully implore this Court to look at Jack Vitayanon's situation individually and to reject the Government and Probation Department's reliance on the Guidelines in determining

2

SIMON & PARTNERS LLP

Mr. Vitayanon's sentence. For the reasons set forth above, we submit that the Guidelines' mechanical, numerical formulation lends no guidance to this Court in determining a just and appropriate sentence in this case.

Respectfully submitted,

Bradley D. Simon
*Attorney for Defendant Jack Vitayanon*
